UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(b)
2018-1569

POWERS KIRN, LLC
ecf@powerskirn.com
William M. E. Powers III
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000
Attorney for PennyMac Loan Services, LLC

| In Re: | Case No.: 19-24516-ABA |
|---|---|
| Barry C. Brubaker | Hearing Date: 09/25/2019 at 09:00 am |
| | Judge: Honorable Andrew B. Altenburg, Jr. |
| | Chapter: 13 |

## OBJECTION TO CONFIRMATION

Barry C. Brubaker
408 Hickory Avenue
Carney's Point NJ 08069

Isabel C. Balboa, Trustee
535 Route 38, Suite 580
Cherry Hill NJ 08002

Brad J. Sadek, Esquire
1315 Walnut Street
Suite 502
Philadelphia PA 19107

PLEASE TAKE NOTICE that PennyMac Loan Services, LLC ("PennyMac"), through its attorney hereby objects to confirmation of the plan on grounds including:

1. The plan underestimates the pre-petition arrears claim of PennyMac, which is due arrears in the approximate amount of $15,000.00, secured by a first mortgage on the debtor's residence. A proof of claim will be filed prior to the deadline for filing claims.

2.  Part 4.a. of the plan speaks in terms of curing an arrearage to PennyMac that the debtor has underestimated to be $12,584.03. Furthermore, Part 4.a. of the plan does not provide for a payment outside of the plan, which will not cure arrears pursuant to 11 U.S.C. §1322(b)(5), but rather contribute to the accumulation of post-petition arrears. To the extent that both the arrearage amount is underestimated and the plan does not provide for a continuing post-petition payment, the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(6) are not satisfied.

3.  Debtor's plan is infeasible inasmuch as the debtor's own schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on Schedule "J" shows surplus income over expenses of $279.42. The debtor is proposing to dedicate $270.00 per month for 60 months to fund the plan, which sum is inadequate to fully satisfy the objecting creditor's claim plus the debtor's attorney fees. Accordingly, the plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied.

4.  The proposed plan payment is less than a monthly contribution from the debtor's girlfriend in the amount of $500.00 listed on Schedule "I". The plan is proposed to be entirely funded through non-debtor income suggesting that the debtor will not qualify as a debtor with sufficient regular income as required pursuant to 11 U.S.C. §109(e). See *In re Smith, 234 B.R. 852 (Bankr. M.D. Ga. 1999)* (Public assistance does not constitute "regular income" under §109(e)). See also *In re Porter, 276 B.R. 32, 38 (Bankr. D. Mass. 2002)* (Family member's gratuitous payment to a debtor did not constitute "regular income" for Chapter 13 purposes); *In re Loomis, 487 B.R. 296, 301-302 (Bankr. N.D. Okla. 2013)* (voluntary contributions from debtor's fiancee does not constitute "regular income"). Accordingly, the case is not filed in good faith inasmuch as the requirement of 11 U.S.C. §109(e) is not satisfied, and the plan is not confirmable as failing to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1), 11 U.S.C. §1325(a)(3) and 11 U.S.C. §1325(a)(7).

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: August 29, 2019